DECISION
This case is before the Court on Mr. John Doe's prayer for post-conviction relief.
 Facts and Travel
John Doe entered a plea of nolo contendere on April 13, 2006, to one count of possessing a visual depiction of sexually explicit conduct in violation of G.L. 1956 § 11-9-1.3. At the time of Mr. Doe's plea, the Rhode Island Sex Offender Registration Statute (RISORS) did not require Doe to register as a sex offender.[1] In 2008, the General Assembly amended G.L. 1956 § 11-37.1-2 to include a registration requirement for offenders of this law. The Rhode Island Probation Department instructed Mr. Doe to register pursuant to the new law.[2]
Mr. Doe now applies for post conviction relief from the retroactive application of § 11-37.1-2. Mr. Doe challenges the constitutionality of the Rhode Island Sex Offender Registration Statute, G.L. 1956 § 11-9-1.3 and claims the statute *Page 2 
violates the ex post facto clauses of the federal and state constitutions and the procedural due process clause of theFourteenth Amendment to the United States Constitution.
 Analysis
1. Recent Rhode Island Case Law.
These identical issues have recently been reviewed and decided by the Rhode Island Supreme Court in the case of State v. Germane, 971 A.2d 555 (June 2, 2009). The high court held that the offender registration statute is not sufficiently punitive in character to violate the ex post facto clauses "We therefore hold that we are not confronted with a violation of the Rhode Island ex post facto clause because the registration requirement is simply part of a nonpunitve, civil regulatory scheme." Germane, 971 A.2d at 593, footnote deleted. After the high court engaged in a detailed analysis, the statute was found to meet constitutional muster.
2. Ex Post Facto Contention
Mr. Doe claims that a retroactive application of § 11-37.1-2
would be ex post facto in nature, in violation of the United States Constitution.[3] Mr. Doe contends the registration requirements create a negative stigma on the registrant, resulting in an ex post facto and unconstitutional application. He further contends the registration obligation offers him no ability to challenge the risk assessment that he is assigned and that violations of the registration provisions will result in additional criminal penalties.
The Supreme Court has held a law to be ex post facto when it is an "imposition of what can fairly be designated punishment for past acts."DeVeau v. Braisted, *Page 3 363 U.S. 144, 1120 (1960). The high court differentiated between acts that could be determined to be punishments, and those that merely had a negative effect. Id. at 160
 The question in each case where unpleasant consequences are brought to bear upon an individual for prior conduct is whether the legislative aim was to punish that individual for past activity, or whether the restriction of the individual comes about as a relevant incident to a regulation of a present situation. Id.
In Smith v. Doe, 538 U.S. 84, 155 L.Ed.2d 164, 123 S.Ct. 1140 (2003) the Supreme Court specifically addressed the constitutional issue of whether a retroactively applicable sex offender law would be considered ex post facto in nature. The Alaska Sex Offender Registration Act[4]
(ASORA) was passed after the Respondent was convicted of aggravated sex offences. Id. After completing his prison and rehabilitative programs, the Respondent was required to comply with the terms set forth in the Act, including registration and public notification requirements.Id. The Court found the Act to be nonpunitive, and not in violation of the ex post facto clause of the United States Constitution.Id. at 85. The Court noted that previous rulings established the regulation of sex offenders as a legitimate nonpunitive governmental objective.
Many contentions raised by Mr. Doe were substantially addressed by the Supreme Court in Smith. The similarities between the ASORA and the RISORS, including the nature of the registration, the requirements inherent to each act, and the methods by which those requirements are enforced, all support the constitutionality of the RISORS. *Page 4 
Mr. Doe then claims the retroactive application of the RISORS violates the Rhode Island Constitution's prohibition on ex post facto legislation.[5] In State v. Germane, the Rhode Island Supreme Court reaffirmed its holding that sex offender registration is a civil regulatory process. The Court in Germane expanded its earlier holding inIn re Richard A., 946 A.2d 204 (R.I. 2008) that such a regulatory scheme was nonpunitive in nature[6] and was to be applicable to both juvenile and adult sex offenders.
The registration statute, as applied to Mr. Doe, is not in violation of the ex post facto clauses of the constitutions.
3. Procedural Due Process Claim
Mr. Doe alleges a violation of the Due Process clause of theFourteenth Amendment of the United States Constitution. Pursuant to the RISORS, Mr. Doe is required to register as a sex offender regardless of any independent determinations that he no longer poses a risk to the community. Even if such a risk assessment is conducted, it will have no bearing as to the length of time he must comply with the requirements set forth in the RISORS.
The Rhode Island Supreme Court closely examined this issue inGermane, in which the Defendant had pled nolo contendere to four (4) first-degree sexual assaults. In Germane, the Defendant was determined to be a Level III sex offender, and subjected to extensive community notification regarding his conviction and potential danger to the community. The court specifically referenced this disclosure of information to the public *Page 5 
as a "deprivation of the liberty interest." Germane, p. 579. Because of the Defendant's Level III status, this notification was to continue for the remainder of the Defendant's life.
While the Supreme Court showed concern over adequate procedural due process issues in Germane, it found that such issues were "cured . . . when a full evidentiary hearing has been permitted." A "meaningful hearing" before the Superior Court regarding the sex offenders status designation appears from the holding of Germane to satisfy the Defendant's procedural due process rights, as it affords him an opportunity to contest his designation prior to the implementation of the registration requirements.
 Conclusion
In accord with clear, definitive case law at both the federal and state levels, the retroactive application of sex offender registration laws does not violate the ex post facto clauses of either the United States Constitution or the Rhode Island Constitution. Consequentially, John Doe's Application for Post-Conviction Relief is denied. Mr. Doe's opportunity for a hearing to present evidence as to his sex offender designation is preserved and not affected by this Decision.
[1] G.L. § 11-37.1-2 did not define a violation of § 11-9-1.3 as a "Criminal Offense against a victim who is a minor" at the time of Defendant's nolo plea.
[2] It appears that while Mr. Doe has been told to report, he has not yet been classified to any specific offender level.
[3] U.S. Const. art. I, § 10: "No state shall . . . pass any ex post facto law."
[4] The comparisons between the ASORA and the RISORS are noteworthy. The language of the ASORA requires that individuals convicted of single, non-aggravated sex crimes must provide annual verification for 15 years to local law enforcement. The RISORS requires a similarly convicted individual to annually register with local law enforcement for 10 years, with verifications of residency occurring quarterly for the first 2 years and annually for each year thereafter.
[5] R.I. Const. art. I, § 12: "No ex post facto law . . . shall be passed." In his brief, Mr. Doe references the Constitution of the State of Missouri which adds other specific restrictions.
[6] As was recently noted in the case of In re Richard A.,946 A.2d 204, 213 (R.I. 2008) "[T]he proceeding remains rehabilitative, rather then punitive."